WEAVER *v.* THE STATE OF OHIO.

(Decided December 17, 1928.)

*Mr. Nat. E. Cook* and *Mr. Wm. Marsteller,* for plaintiff in error.

*Mr. E. C. Stanton* and *Mr. James C. Connell,* for defendant in error.

6

Houck, J. One Joseph Weaver was convicted of first degree murder, without recommendation of mercy, in the common pleas court of Cuyahoga county. A motion for a new trial was overruled, exceptions noted, and a petition in error filed in the Court of Appeals of Cuyahoga county, where the lower court was affirmed. A motion for leave to file a petition in error was denied by the Supreme Court, a rehearing granted, and a second denial to certify was then entered by that court.

The accused, Joseph Weaver, was convicted mainly upon the testimony of one Alexander Maynor. Subsequent to the refusal of the Supreme Court to hear the case on error, Maynor is said to have made a confession that the testimony he gave in the trial in the common pleas court, which it is claimed resulted in the conviction of Weaver, was perjured.

Thereafter counsel for Joseph Weaver filed in the common pleas court of Cuyahoga county a motion and a petition for a new trial upon the ground of newly discovered evidence, material for the defendant, Joseph Weaver, which he could not with reasonable diligence, have discovered and produced at the trial, and, at the time of filing said motion, supported same by certain affidavits. At the time counsel also filed a petition in the common pleas court for a new trial based on the same grounds as the motion.

Defendant, Weaver, was convicted in the April term of the common pleas court of Cuyahoga county, 1927. His motion for a new trial and his petition for a new trial on the ground of newly discovered

evidence were filed at the January term of the common pleas court of said county in 1928. A motion was filed by the state to strike the motion of Weaver from the files, for the reason that the common pleas court did not have jurisdiction or the right to entertain such motion after the term at which the verdict was rendered.

Thereafter the trial judge sustained the motion of the state to strike the motion of Weaver from the files, and on his own motion struck the petition for a new trial from the files. To the action of the court in the premises, error is prosecuted to this court, seeking a reversal of the judgment of the lower court.

The first question to be determined is as to the proper and correct interpretation of Section 13746 of the General Code of Ohio, which reads as follows:

"Sec. 13746. The application for a new trial shall be by motion, upon written grounds, filed at the term the verdict is rendered, and, except for the cause of newly discovered evidence material for the person applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be filed within three days after the verdict was rendered unless unavoidably prevented."

It will be observed that this is a criminal proceeding, and we know of no other provision in our statute for the granting of a new trial in a criminal proceeding where the ground for such is newly discovered evidence. Under the conceded facts, the motion for a new trial was not filed at the term of court at which the verdict was rendered, but at a subsequent term of such court. It will further be noted from a read-

ing of the section of the statute under consideration, that the motion for a new trial must be filed within three days after the verdict is rendered, unless unavoidably prevented, but at all events it must be filed at the term of the court in which the verdict is rendered. In view of this, we hardly need remind counsel that the court of common pleas does not have or possess jurisdiction in a criminal case for the purpose of entertaining a motion for a new trial, where the ground of such is newly discovered evidence, when such motion is filed at a term subsequent to the one in which the verdict was rendered and judgment entered. Such motion for a new trial must be filed, under the statute just referred to, at the term in which the verdict is rendered, whether or not the verdict is rendered more or less than three days before the close of the term, but in any and all events such proceeding must be had within and during the term in which the verdict was rendered. There being no statutory provision in Ohio, so far as criminal cases are concerned, providing for the filing of a petition for a new trial, as filed in the present case, we are therefore fully of the opinion that the trial judge acted within his judicial and legal authority, when, upon his own motion, he struck the petition for a new trial from the files.

The grounds for a new trial in criminal cases, as well as in all other cases, are purely statutory. This court has no authority to add to or take from a statutory provision, but is bound to interpret and pass upon statutes just as it finds them.

It will be noted from what we have already said that the remedy in the case at bar is not to be found in our courts, but is wholly and entirely within the

jurisdiction, power, and authority of legislative enactment. Our statutory provisions, so far as the questions raised in the present case, and so far as the granting of the relief sought by plaintiff in error, are concerned, do not cover the questions here raised, because we find an absence of statutory authority for the filing of a motion for a new trial on the ground of newly discovered evidence at a subsequent term from which the verdict was rendered. We further find no statutory provision for the filing of a petition in a criminal case.

Then as to the questions here propounded: (1) Has a trial court, in a criminal case, jurisdiction to entertain a motion for a new trial predicated upon newly discovered evidence, filed after the term in which the verdict was rendered? This we must, and do, answer in the negative. (2) Is there any statutory provision in a criminal case for the filing of a petition for a new trial on the ground of newly discovered evidence? This question we must, and do, answer in the negative.

We are fully aware of the importance of the decision to be announced in this case and the far-reaching effect it may have. However, after having given the issues here raised careful, laborious, and earnest consideration, we are of the unanimous opinion that there is no error in the judgment of the common pleas court, and that it should be affirmed.

*Judgment affirmed.*

SHIELDS, P. J., and LEMERT, J., concur.

Judges of the Fifth Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.